UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

JERRY LEE CLARK, SR.,              )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )     CV417-161
                                   )
JOHN T. WILCHER,                   )
                                   )
    Defendant.                     )

## REPORT AND RECOMMENDATION

*Pro se* prisoner Jerry Lee Clark, Sr. filed this 42 U.S.C. § 1983 complaint alleging procedural flaws in his state burglary prosecution. *See* doc. 1 at 5. He requests that the Court intervene in that prosecution, secure his "conditional discharge" from incarceration, and award him $1,000 in damages for each day of unlawful detention. *Id.* at 6. The Court granted his request to pursue his claim *in forma pauperis* (IFP) and directed him to return the forms required under the Prison Litigation Reform Act (PLRA). *See* doc. 3. He did not fully comply, however, for he failed to return the Consent to Collection of Fees from Trust Account form. The deadline to return the form has long since

1

passed. *Id.* at 5 (providing 30 days from August 31, 2017 to return the forms).

It also appears that Clark intentionally abandoned this case to pursue his contemporaneous petition for habeas corpus. *See Clark v. Unknown Respondent*, CV417-171, doc. 1 (S.D. Ga. Sept. 1, 2017). It is possible that he realized that the principal relief he seeks (speedier release from his current confinement) was not available through a § 1983 action. *See Heck v. Humphry*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ."). This possibility is supported by his most recent filing, docketed as an "Amended Complaint," which includes a letter addressed to Chief Judge Hall, before whom his habeas case is pending. *See* doc. 6 at 7. His active pursuit of habeas relief, coupled with his failure to return the forms necessary to continue this case, imply that he has abandoned it.

Since it appears Clark has abandoned his prosecution of this case, it should be **DISMISSED**.[1]  See L.R. 41(b); see *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

[1] If, contrary to appearances, Clark wishes to pursue this claim, his opportunity to object to this Report and Recommendation within 14 days of service affords him a further opportunity to resuscitate his case.  However, he would still be subject to the PLRA's requirement that *all* prisoners, even those who are allowed to proceed IFP, are responsible for paying the Court's full $350 filing fee.  28 U.S.C. § 1915(b)(1).

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 31st day of January, 2018.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA